THE STATE OF MONTANA EX REL. OBER E. SPEAR, PLAIN-
TIFF, RELATOR AND APPELLANT, *v.* THE STATE HIGHWAY
PATROL RETIREMENT BOARD OF THE STATE OF MON-
TANA AND ALEX B. STEPHENSON, D. V. STINSON, JOHN
HEATH, JOE SOL, AND RAY SORRELLS, AS MEMBERS AND
CONSTITUTING THE STATE HIGHWAY PATROL RETIREMENT
BOARD OF THE STATE OF MONTANA, DEFENDANTS AND RESPON-
DENTS.

No. 10986.
Submitted December 12, 1966. Decided January 10, 1967.
422 P.2d 348.

Floyd Small (argued), Robert Cummins, Carl Hatch (argued), C. W. Leaphart, Jr., Helena, for appellant.

Paul F. Reynolds (argued), Forrest H. Anderson, Atty. Gen., Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order of the district court dissolving an alternative writ of mandate and dismissing the application for a writ of mandate.

The relator-appellant is Ober E. Spear and will be referred to by name. The defendants-respondents are the State Highway Patrol Retirement Board and its members and will be referred to as the Board.

The appellant's brief makes no formal specifications of error but does present two questions for our consideration. We believe that these two questions can be consolidated into one issue which will be determinative of this appeal.

The issue is whether the Board and the district court acted arbitrarily or capriciously when they found that Mr. Spear was not totally and permanently disabled within the meaning of section 31-214, R.C.M.1947.

The facts of the case are these. Spear was employed by the Montana State Highway Patrol as a patrolman for a period of approximately four years beginning in 1958. During this period of employment Spear suffered a series of injuries that he alleges have permanently disabled him from acting as a traffic officer for the Montana Highway Patrol, and he claims to be eligible for a disability retirement allowance as provided in section 31-214. This section requires total and permanent disability in order to be eligible for retirement benefits.

Spear's injuries occurred as follows: Sometime in 1950, while assisting a recalcitrant suspect to a jail cell, Spear was pushed against the bars of the cell wrenching his neck. In May 1961,

while throwing a plank from the highway, Spear slipped, again wrenching his neck. In April 1962, while pushing a stalled car, he injured his back.

On October 17, 1962, Spear made his application to the Board for a disability retirement. On December 17, 1962, he was placed on the status of leave without pay by the highway patrol. His application was denied by the Board on January 17, 1963, but Spear was granted another hearing on his matter. This hearing was held on July 30, 1963. At this hearing Spear was represented by counsel. The evidence presented at the hearing consisted of the oral testimony of Spear and Dr. Richard O. Wheaton, an osteopath. Various medical reports concerning Spear's health were also received in evidence at the hearing.

At the hearing, Spear testified and admitted that during the four or five months prior to the hearing the condition of his back had improved. He admitted having gone hunting during the years 1961 and 1962. His hunting trips were quite successful in 1962 at least as he testified that he got a deer, elk, and antelope that year. He used a jeep vehicle to make these various hunting trips and he owned a small motorcycle and used it one summer. He admitted bowling regularly and that he had bowled in league competition in 1963. Further, during 1962 he made a vacation trip from Townsend, Montana, to Seattle, Washington, and back, driving both ways by himself. He admitted that his condition did not prevent him from swimming. He did say that these swimming periods were limited to 10 or 15 minutes for the day. He also water skied on two occasions.

From 1961 until the time of the hearing, Spear had been examined by four medical doctors and one osteopath. The summary of their medical reports or testimony is as follows.

On December 6, 1961, and again on May 2, 1963, Dr. Jess T. Schwidde, a neurological surgeon, examined Spear. His medical reports were that neither of these examinations revealed any evidence of permanent disability.

Dr. J. Richard Sims, a surgeon, examined Spear on May 16, 1961, and concluded that there was no permanent impairment. Dr. Sims thought the injury suffered in May 1961, was simply a neck sprain.

Dr. Thomas G. Power, an orthopedic surgeon, examined Spear on August 29, 1962, and concluded that Spear was not permanently disabled because of his back condition.

In December 1961, Dr. Grant P. Raitt, a radiologist, examined X-rays of Spear and found no permanent disability.

Dr. Wheaton testified that Spear was totally and permanently disabled insofar as being a highway patrolman was concerned. However, he would not go so far as to say that Spear could never be a productive human being. He admitted that Spear was capable of working at a desk job that did not involve lifting anything heavier than a book and did not involve sitting solidly for eight hours.

On the basis of the evidence presented, the Board denied Spear's application for a disability retirement. After this denial, Spear sought the aid of the district court by filing an application for a writ of mandate. The district court issued an alternative writ, heard the case on its merits, and entered findings of fact and conclusions of law. The district court found that Spear was not totally disabled as required by section 31-214 and that the Board's action in denying Spear's application was not arbitrary or capricious. The district court concluded that as a matter of law Spear was not entitled to the relief sought. Thus, the district court dismissed the application for a writ of mandate on its merits.

We have reviewed the record that was before the Board and the district court. We agree that Spear's evidence falls quite short of proving that he is totally and permanently disabled. Spear's various activities during the period he was allegedly totally and permanently disabled are inconsistent with this claim. Further, the medical testimony clearly indicates that Spear has suffered no permanent injury.

Spear's contention that the Board and the district court acted arbitrarily and capriciously is without merit. The Board's denial of Spear's application was well within its discretion.

The Board's brief contends that it is an established rule of law that mandamus does not lie to control discretion and only lies to compel action. We agree with this general statement of law, but it is not necessary for us to base our decision solely on that rule of law since Spear has had ample opportunity to have his case heard on its merits before the Board and the district court, and the merits are just not in his favor.

The order appealed from is affirmed.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON, concur.