

DA 12-0025

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 161N

OBER E. SPEAR,

        Plaintiff and Appellant,

  v.

STATE OF MONTANA, MONTANA HIGHWAY
PATROL, COLONEL MIKE TOOLEY and
KIM FLATOW,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 10-543
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

            Ober E. Spear, self-represented, Billings, Montana

       For Appellees:

            Steve Bullock, Montana Attorney General; Zach Zipfel, Assistant Attorney
General, Helena, Montana

Submitted on Briefs:  June 12, 2012
Decided:  July 24, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Ober E. Spear (Spear) appeals from the District Court's order dismissing his wrongful discharge complaint.  We affirm.

¶3      Spear began work as a Montana Highway Patrol (MHP) trooper in 1958.  Spear applied for permanent disability treatment in 1962.  MHP placed Spear on sick leave.  The Retirement Board (Board) held two hearings.  The Board determined that Spear did not have a permanent and total disability due, in part, to Spear's admission that he had gone hunting, bowling, and water skiing following his injuries.  Spear appealed and this Court affirmed. *Spear v. MHP Retirement Board*, 149 Mont. 7, 422 P.2d 348 (1967).

¶4      Spear had returned to "light duty" with MHP in 1962 while his case was still pending. Spear quit reporting for duty on December 12, 1962.  Spear never again performed work for MHP.

¶5      Spear made a series of unsuccessful attempts to receive further benefits.  Spear filed a petition for sick leave benefits in 1966.  He requested a review of his previous petition for disability requirement in 1974.  Spear contacted MHP in 1983 concerning benefits that he felt he had been denied.  He again contacted MHP in 1984 claiming additional sick leave benefits.  Spear further attempted to claim additional sick leave benefits in 1985 based upon

2

a statute passed in 1979. Spear waited about a decade before he requested another review of his disabilities claim in 1996 from the Public Employees' Retirement Division.

¶6 Spear contacted MHP during 1999-2000 concerning additional sick leave benefits. Assistant Attorney General Kim Kradolfer (Kradolfer) responded to Spear in March 2000 to address why Spear was not entitled to any additional benefits from MHP. Kradolfer sought to clarify Spear's "misconception" that he still worked for MHP. Kradolfer informed Spear that his employment with MHP had ended in December 1962 when he stopped reporting for duty.

¶7 MHP's chief administrator, Mike Tooley (Tooley), wrote to Kim Flatow (Flatow) of the Montana Public Employees Retirement Administration on August 31, 2009, in response to a request from Flatow. Spear apparently had been inquiring with Flatow regarding his retirement eligibility. Tooley noted that Spear had not been an employee with MHP since at least 1982 and that Spear was not in MHP's records.

¶8 Spear filed a "wrongful dismissal" claim against MHP and the State of Montana on March 26, 2010. Spear alleged that Tooley's letter had "effectively discharged" him from employment with MHP. The District Court dismissed Spear's complaint on two grounds. The court determined that Spear's employment had been "severed" in 1962 when he quit reporting to duty. The court also determined that, even if Spear had a viable claim, Kradolfer's March 2000 letter effectively had put him on notice that MHP no longer considered him an employee. The filing of his complaint in 2010 failed to comply with the

one-year statute of limitations for a wrongful discharge from employment case. Section 39-2-911(1), MCA.

¶9 This Court reviews a district court's grant of summary judgment using the same standards the district court uses under M. R. Civ. P. 56. *Wagner v. Woodward,* 2012 MT 19, ¶ 16, 363 Mont. 403, 270 P.3d 21. Where there are cross-motions for summary judgment and the district court is not called upon to resolve factual issues, but only to draw conclusions of law, this Court determines whether those conclusions are correct. *Wagner*, ¶ 16. A moving party is entitled to summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Wagner*, ¶ 16 (internal citation omitted).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court properly granted summary judgment pursuant to M. R. Civ. P. 56, as the Court correctly applied the law to the undisputed facts. Spear's employment with MHP had been terminated in 1962 and the filing of his complaint in 2010 was untimely pursuant to § 39-2-911(1), MCA.

¶11 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE