FILED

October 13 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0320

DA 15-0320

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 297N

OBER E. SPEAR,

      Plaintiff and Appellant,

  v.

MONTANA PUBLIC EMPLOYEE
RETIREMENT ADMINISTRATION
and the STATE OF MONTANA,

      Respondents and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DV 10-1326
                 Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Ober E. Spear (self-represented); Billings, Montana

        For Appellees:

            Melanie A. Symons, Special Assistant Attorney General; Helena, Montana

            Timothy C. Fox, Montana Attorney General, Matt Cochenour, Assistant
            Attorney General; Helena, Montana

                   Submitted on Briefs:  August 26, 2015
                              Decided:  October 13, 2015

Filed:

                       _____
                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Ober E. Spear appeals from the order of the Montana Thirteenth Judicial District, Yellowstone County, granting summary judgment in favor of the Montana Public Employee Retirement Administration (MPERA) and the State of Montana. We affirm.

¶3     Spear was employed by the Montana Highway Patrol (MHP) as a highway patrol officer from 1958 to 1962. When he left MHP he applied for, and was denied, disability retirement with the State Highway Patrol Board. The denial of that application was upheld in this Court on January 10, 1967. *Spear v. State Highway Patrol Ret. Bd.*, 149 Mont. 7, 422 P.2d 348 (1967). On November 27, 1964, Spear was notified that he would not be reinstated as a patrolman because he was not of sound and active physical condition. In addition, MHP Colonel Mike Tooley certified on August 31, 2009, that Spear was no longer an employee of the MHP and had not been with the patrol during Tooley's tenure which began in 1982.

¶4     In July 2010, pursuant to advice from its legal department, MPERA began making "required minimum distribution" (RMD) payments to Spear. MPERA determined that, based on Spear's age, his RMD payments should have commenced on or before

April 1, 2000, and continued every year thereafter. Under this calculation, MPERA paid out Spear's benefits by check in July 2010.

¶5 Spear refused to cash the check and instead filed a complaint against MPERA in the Thirteenth Judicial District in Yellowstone County alleging wrongful disbursement of his retirement account funds. In the suit Spear also claimed he was still an employee of the MHP and retained his status as an injured trooper on leave. Spear requested punitive damages for "malicious" payment of his retirement benefits.

¶6 On June 25, 2013, MPERA moved for summary judgment arguing the facts showed without dispute that Spear was no longer employed by the MHP, that MPERA is required to pay retirement benefits to Spear under state and federal law, that payment of those benefits was not malicious, and finally, Spear's employment status was settled in this Court in *Spear v. State of Montana*, 2012 MT 161N. The District Court granted summary judgment in MPERA's favor on April 20, 2015.

¶7 We review de novo a district court's grant of summary judgment using the same standards as the district court under M. R. Civ. P. 56. *Tin Cup Cnty. Water v. Garden City Plumbing & Heating, Inc.*, 2008 MT 434, ¶ 21, 347 Mont. 468, 200 P.3d 60. Accordingly, a moving party is entitled to summary judgment when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Wagner v. Woodward*, 2012 MT 19, ¶ 16, 363 Mont. 403, 270 P.3d 21.

¶8 On appeal, Spear contends that the District Court erred when it determined he was no longer an employee of the MHP and MPERA properly disbursed payments to Spear from his MHP retirement account. To support his argument, Spear insists that he was

3

permanently appointed as a MHP officer, that he never resigned, and he remains on leave without pay. Spear also argues that payment of his MPERA retirement benefits is wrongful because he is still an employee of the MHP on leave without pay. Spear believes that acceptance of his retirement would be an admission that he is no longer an officer.

¶9 MPERA counters that the determination regarding Spear's employment status was made in *Spear* and that the issue has already been determined under *stare decisis*. *Spear*, ¶ 10. MPERA also contends that pursuant to I.R.C. § 401(a)(9) (26 U.S.C. § 401(a)(9)) and §§ 19-2-908 and 19-2-1007, MCA, MPERA was required to commence distribution payments to Spear.

¶10 On review of the record, we find no reason to revisit Spear's employment status with MHP. Based upon our decision in the 2012 *Spear* case, Spear is not a current employee of the MHP because his employment was "terminated" in 1962. *Spear*, ¶ 10. Spear's arguments on appeal fail to raise any new issue regarding our prior determination regarding his employment.

¶11 Next, we agree with MPERA's argument that, as fiduciaries of the public retirement system, MPERA properly followed state and federal law when it paid benefits to Spear as a former employee of the MHP. Under § 19-2-908(1)(a), MCA, MPERA may "on its accord and without a written application, begin benefit payments to a member or beneficiary in order to comply with section 401(a)(9) of the Internal Revenue Code." Operating under its duty and this statute, MPERA correctly commenced payment of Spear's benefits because he was no longer working at the MHP. MPERA's actions

4

were proper because it was acting to comply with federal tax law requirements regarding retirement benefit payments. Spear's allegation that he was not terminated in 1962, that he is still an employee, and thus cannot receive retirement benefits because he is an officer on leave without pay, is not substantiated by facts or law. The determination in our 2012 *Spear* decision found the opposite conclusion. *Spear*, ¶ 10. Spear raises no genuine issue of material fact demonstrating a mistake with MPERA's determination to pay out his benefits. Therefore, we conclude that MPERA correctly dispersed Spear's benefits as required by federal and Montana law.

¶12 Based on the briefs and record in this case the District Court properly granted summary judgment pursuant to M. R. Civ. P. 56, because the Court correctly applied the law to the undisputed facts. Spear's employment was terminated in 1962 and MPERA has properly disbursed Spear's retirement benefits according to federal and Montana law.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's ruling was not an abuse of discretion.

¶14 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

5